UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GRETA LOU GUETHLEIN and GEORGE F. GUETHLEIN, individually and the marital community thereof,, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., a Corporation licensed to do business in Washington State and NORTHWEST TRUSTEE SERVICES, INC., a Washington State Corporation, <br><br> Defendants. | CASE NO. C13-5546 RJB <br><br> ORDER GRANTING DEFENDANT BANK OF AMERICA, N.A.'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Bank of America, N.A.'s motion for

summary judgment.  Dkt. 15.  The Court has considered the pleadings in support of and in

opposition to the motion and the record herein.

1

## INTRODUCTION AND BACKGROUND

2      Plaintiffs Greta Lou Guethlein and George F. Guethlein (Guethleins) brought this action

3  against Defendant Bank of America, N.A. (BANA)[1] following the non-judicial foreclosure sale

4  of the Guethlein's property in Olympia, Washington.  Dkt. 1-1 pp. 10-14.  The Guethleins

5  contend that BANA failed to properly set up an escrow account for unpaid taxes, and thus any

6  default was not the Guethleins' fault.  *Id.*  The Guethleins' Verified Complaint for Injunction

7  seeks declaratory relief and an injunction unwinding the sale and reestablishing title to the

8  property.  *Id.*  The Verified Complaint for Injunction does not seek monetary damages.  Id., Dkt.

9  16-1 p. 29.

10      BANA's motion for summary judgment concedes that there exist issues of fact

11  concerning the escrow account.   Dkt. 15 p. 1.  However, BANA asserts that none of these

12  factual issues concerning the escrow account are material to whether the Guethleins have a cause

13  of action to set aside the foreclosure sale of their property.  Dkt. 15 pp. 6-10; Dkt. 21 pp. 1-5.

14      On November 29, 2012, Defendant Northwest Trustee Services, Inc. executed a "Notice of

15  Trustee's Sale" of the Guethleins' property for an alleged default of their deed of trust, scheduling

16  the trustee's sale of the property for April 5, 2013.  Dkt. 17 pp. 6-10.  The Notice of Trustee's Sale

17  states that the Guethleins could stop the sale by curing their default on the Loan by March 25, 2013.

18  *Id*. at p. 8.  The Notice of Trustee's Sale also states:

19      Anyone having any objection to the sale on any grounds whatsoever will be afforded an
        opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale
20      pursuant to RCW 61.24.130.  Failure to bring such a lawsuit may result in waiver of any
        proper grounds for invalidating the Trustee's sale.  *Id*. at p. 9.

21  Dkt. 17 p. 9.

22  _____

23      [1] Defendant Northwest Trustee Services, Inc (NWTS) is a nominal party with no
    monetary stake in this litigation and the Guethleins have agreed to voluntarily dismiss this action
24  against  NWTS should the case be dismissed as to BANA.  Dkt. 1-1  pp. 81-82

ORDER GRANTING DEFENDANT BANK OF
AMERICA, N.A.'S MOTION FOR SUMMARY
JUDGMENT- 2

1    On November 30, 2012, NWTS mailed the Notice of Sale by certified mail to both the

2  Guethleins at the property mailing address and to the Guethleins' PO Box address.  Dkt. 17 pp.

3  1-2, 11-16.  Also on November 30, 2012, NWTS posted the Notice of Sale on the property.  Dkt

4  17 pp. 2, 18.  NWTS recorded the Notice of Sale in the Thurston County property records on

5  December 4, 2012.  Dkt 17 pp. 6-10.

6    The property was ultimately sold at a foreclosure sale on May 10, 2013.  Dkt. 17 pp. 23-

7  24.  The property reverted to BANA for a sale price of $319,600.  *Id.*  The Trustee's Deed

8  memorializing the sale was recorded in the Thurston County property records on May 17, 2013.

9  *Id*.

10    The Guethleins never filed a lawsuit to restrain the sale.  On June 6, 2013, the Guethleins

11  filed the instant suit in Thurston County Superior Court seeking to unwind the sale.  Dkt. 1-1.

12  BANA removed the suit to this Court on July 3, 2013.  Dkt. 1.

13    In response to BANA's motion for summary judgment, Greta Lou Guethlein filed a

14  declaration wherein she states that they "were not properly notified of the Notice of Trustee's

15  Sale scheduled for April 4, 2013" and that they "never received a Notice of Trustee's Sale

16  scheduled for May 10, 2013."  Dkt. 18 pp. 4-5.  However, in her deposition testimony Greta Lou

17  Guethlein admits that she received the notice of the trustee sale through certified mail.  Dkt. 16-2

18  pp. 21-22.  She also admits that the notice of trustee sale was posted on a gate to the property,

19  though not on the active gate.  Dkt. 16-2 p. 21.  The Guethleins also had retained counsel in

20  March of 2013 for the purpose of resolving the escrow issues with BANA.  Dkt. 16-2 p. 23.  This

21  law firm advised the Guethleins that the April foreclosure sale of their property had been

22  postponed to May 10, 2013.  No legal action was taken prior to the sale.

23

24

ORDER GRANTING DEFENDANT BANK OF
AMERICA, N.A.'S MOTION FOR SUMMARY
JUDGMENT- 3

1        **SUMMARY JUDGMENT STANDARD**

2    Summary judgment is appropriate only when the pleadings, depositions, answers to

3 interrogatories, affidavits or declarations, stipulations, admissions, answers to interrogatories,

4 and other materials in the record show that "there is no genuine issue as to any material fact and

5 the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In assessing a

6 motion for summary judgment, the evidence, together with all inferences that can reasonably be

7 drawn therefrom, must be read in the light most favorable to the party opposing the motion.

8 *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of*

9 *Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

10    The moving party bears the initial burden of informing the court of the basis for its

11 motion, along with evidence showing the absence of any genuine issue of material fact.  *Celotex*

12 *Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of

13 proof, the moving party must make a showing that is sufficient for the court to hold that no

14 reasonable trier of fact could find other than for the moving party.  *Idema v. Dreamworks, Inc.*,

15 162 F.Supp.2d 1129, 1141 (C.D. Cal. 2001).

16    To successfully rebut a motion for summary judgment, the non-moving party must point

17 to facts supported by the record which demonstrate a genuine issue of material fact.  *Reese v.*

18 *Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000).  A "material fact" is a fact that might

19 affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477

20 U.S. 242, 248 (1986).  Where reasonable minds could differ on the material facts at issue,

21 summary judgment is not appropriate.  *See v. Durang,* 711 F.2d 141, 143 (9th Cir. 1983).  A

22 dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable

23 jury could return a verdict for the nonmoving party." *Anderson,* at 248.  The mere existence of a

24

ORDER GRANTING DEFENDANT BANK OF
AMERICA, N.A.'S MOTION FOR SUMMARY
JUDGMENT- 4

1   scintilla of evidence in support of the party's position is insufficient to establish a genuine

2   dispute; there must be evidence on which a jury could reasonably find for the party. *Id*., at 252.

3                **WASHINGTON DEED OF TRUST ACT AND WAIVER OF CLAIM**

4          The Washington Deed of Trust Act (DTA) outlines the requirements for a deed of

5   foreclosure, including the notice and procedure requirements for a trustee's sale and foreclosure.

6   RCW 61.24.040 et seq.  The DTA provides a statutory procedure in which any enumerated entity

7   may restrain a trustee's sale once foreclosure has begun with receipt of the notice of sale and

8   foreclosure. *Gossen v. JPMorgan Chase Bank*, 819 F.Supp.2d 1162, 1169 (W.D. Wash. 2011).

9   Failure to take advantage of the pre-sale remedies results in a waiver of any proper grounds for

10  invalidating the trustee's sale.  RCW 61.24.040(1)(f)(IX); *Frizzell v. Murray*, 313 P.3d 1171,

11  1174 (Wash. 2013).  RCW 61.24.040(1)(f)(IX) states:

12          Anyone having any objection to the sale on any grounds whatsoever
            will be afforded an opportunity to be heard as to those objections if
13          they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130.
            Failure to bring such a lawsuit may result in a waiver of any proper
14          grounds for invalidating the Trustee's sale.

15          This is the same language contained in the Notice of Trustee's Sale sent to the Guethleins

16  by certified mail and posted on the property.  Under the waiver provision set forth in RCW

17  61.24.040(1)(f)(IX), a waiver of a postsale contest occurs when a party (1) received notice of the

18  right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior

19  to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale. *Frizzell*,

20  313 P.3d at 1174; *Plein v. Lackey*, 149 Wn.2d 214, 227 (2003).

21          BANA asserts that the Guethleins claim for injunctive relief unwinding the sale are

22  subject to waiver because they did not bring action to enjoin the trustee's sale of the property

23  before it occurred.  The Court agrees.  Although the Guethleins assert they were not properly

24

1   notified of the Notice of Trustee's Sale scheduled for April 4, 2013 and that they never received

2   a Notice of Trustee's Sale scheduled for May 10, 2013, Greta Lou Guethlein admits to receiving

3   the Notice of Trustee's Sale, and the Guethleins do not dispute that these notices advised them of

4   the right to seek to enjoin the sale.   Nor do the Guethleins allege any facts that would otherwise

5   deem waiver inappropriate in this instance.

6          The Guethleins argue that it would be inequitable to apply the waiver provision, relying

7   on *Albice v. Premier Mortgage Services of Washington, Inc*., 174 Wn.2d 560 (2012).  In *Albice*,

8   the court held there was no waiver where (1) the borrowers did not know of the alleged breach in

9   time to restrain the sale based on the conduct of the lenders in continuing to accept late payments

10  and because no notice was received, (2) the borrowers had no grounds to challenge the

11  underlying debt because they had entered into a "Forbearance Agreement," and (3) the sale took

12  place outside the statutory time period.  *Id*. at 588, 571-72.  None of the *Albice* factors are

13  present in the present action.  Here, the Guethleins admitted in deposition testimony that they

14  received the Notice of Trustee's Sale which provided them with notice of the conditions

15  necessary to enjoin the sale.  The Guethleins failure to enjoin the sale was not due to the actions

16  of BANA or NWTS, but their own inaction.  See *Frizzell v. Murray*, 313 P.3d 1171, 1175

17  (Wash. 2013); *Cuddeback v. Bear Stearns Residential Mortgage Corp*., 2013 WL 5692846

18  (W.D. Wash. 2013).

19         The Guethleins have failed to raise a genuine issue of fact that would permit an

20  unwinding of the foreclosure sale of their property.  Pursuant to RCW 61.24.040(1)(f), the

21  Guethleins' claims are subject to waiver.

22

23

24

ORDER GRANTING DEFENDANT BANK OF
AMERICA, N.A.'S MOTION FOR SUMMARY
JUDGMENT- 6

## CONCLUSION

1    For the above stated reasons, BANA is entitled to summary judgment.  BANA is entitled

2 to dismissal of this action.  NWTS, being a nominal party, is also entitled to dismissal of the

3 claims against it.

4    Therefore, it is hereby **ORDERED**:

5    1.  Defendant Bank of North America, N.A.'s Motion for Summary Judgment (Dkt. 15)

6        is **GRANTED**.

7    2.  Plaintiff's causes of action against Defendant Bank of North America, N.A. are

8        **DISMISSED WITH PREJUDICE**.

9    3.  Plaintiff's causes of action against Defendant Northwest Trustee Services, Inc. are

10       **DISMISSED WITH PREJUDICE**.

11   4.  All claims against all Defendants having been dismissed, this case is closed.

12   Dated this 20th day of February, 2014.

ROBERT J. BRYAN
United States District Judge

ORDER GRANTING DEFENDANT BANK OF
AMERICA, N.A.'S MOTION FOR SUMMARY
JUDGMENT- 7